CITY OF SALEM *vs.* INHABITANTS OF IPSWICH.

The *St.* 1818, *c.* 85, incorporating the town of Essex from a part of the town of Ipswich, does not exempt the latter town from the support of a pauper, who had a settlement in Ipswich at that time, and resided in that part of the town which continued to be Ipswich.

A pauper cannot gain a settlement in his own right in the same town in which he derives a settlement from his father.

THIS was an action of assumpsit to recover the amount of money paid by the plaintiffs for the support of Stephen Burnham, at the lunatic hospital in Worcester. At the trial in the court of common pleas, before *Wells*, C. J. it was shown that said Burnham was a lunatic pauper, and was taken up in Salem and legally sent to said hospital; that the plaintiffs, upon demand being made on them, paid the expense of his support there; and that they duly demanded repayment from the defendants, which was refused.

The question in the case was, whether the pauper's settlement was in Ipswich. The defendants placed their defence upon the fourth section of the act incorporating the town of Essex ( *St.* 1818, *c.* 85; 5 Special Laws, 285,) which is hereinafter recited in the opinion of the court. And the evidence tended to prove that the grandfather of the pauper resided in that part of Ipswich which is now Essex, and acquired a settlement there ; that the father of the pauper was born in the place where his father resided, about the year 1767, and removed, about the year 1806, into that part which is now Ipswich, and died there in 1816; that he acquired a settlement in Ipswich in his own right by residing in Ipswich for the last ten years of his life, and paying taxes for five years in the ten ; a portion of the same, to wit, four years out of five or more having been assessed upon him and paid by him while he resided in what is now Ipswich ; and that the pauper was born in what is now Ipswich, in 1809, and continued to reside there until after he was twenty-one years of age. But it was not shown that he ever acquired a settlement there in his own right.

The judge ruled that this evidence did *not* prove that the pauper's settlement was in the town of Ipswich, and the jury returned a verdict for the defendants. The plaintiffs alleged exceptions to the second ruling.

*S. C. Bancroft,* for the plaintiffs.

*G. Haskell,* for the defendants.

METCALF, J. When the town of Essex was incorporated, this pauper had a lawful settlement in Ipswich. He then resided in that part of the town which is still Ipswich, and he continued to reside there eleven years afterwards. His settlement, therefore, remains in Ipswich, and that town is bound to support him, unless it is relieved from that duty by the fourth section of the act incorporating the town of Essex. Thus much is plain, (4 Mass. 487,) and is admitted by the counsel for the defendants.

The section of *St.* 1818, *c.* 85, (incorporating Essex,) on which this case turns, is thus : " The said towns of Ipswich and Essex shall respectively support and maintain all such

persons as now are or hereafter may be inhabitants of the said towns respectively, or who were born in or have a derivative settlement through any person born in or deriving a settlement from any ancestor, and are or may become chargeable as paupers, according to the laws of this commonwealth, and who have not gained a settlement elsewhere." The latter part of this section is rendered very obscure, if not wholly unintelligible, by the omission of words that are necessary to complete the sense. And we gain no assistance, in interpreting them, from the cases cited at the argument. We must, therefore, supply those words, or regard that part of the section as void for uncertainty. And, in our opinion, the result of this case must be the same whether we do the one or the other. If we supply the words necessary to complete the sense, the section would read thus : " The said towns of Ipswich and Essex shall respectively support and maintain all such persons as now are, or hereafter may be inhabitants of said towns respectively, or who were born in said towns respectively, or have a derivative settlement through any person born in said towns respectively, or deriving a settlement from any ancestor in said towns respectively." Taking this to be the meaning of the section, both the towns are required to support this pauper. For he was born in the territory which is still Ipswich, and therefore he is to be supported by the town of Ipswich. He also had a derivative settlement from his father, who was born in the territory which is now Essex, and therefore he is to be supported by the town of Essex. The case of a person who was born in one part of the old town, and who also had a derivative settlement from an ancestor who was born in another part, is not provided for. And it must therefore be determined by the general law. For it is preposterous to suppose that the legislature meant that any pauper should have two settlements at the same time, or that the two towns should be bound to support the same pauper at the same time. On any construction which we can give to this section, whether by supplying words that seem necessary to complete its sense, or by taking only the words that are contained in it, we cannot find an intelligible

exemption of the town of Ipswich from the duty, imposed on it by the general law, of supporting the present pauper.

We notice that it is stated in the report of the case that the pauper's father acquired a settlement in his own right in Ipswich, by residing and paying taxes there. This cannot be so. He derived his settlement from his father, and could not gain a settlement in his own right in the same town. 15 Mass. 259, 260.                                     *New trial granted.*